**Tracy Leroy GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–94–200 CR, 09–94–201 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 3, 1995.

Decided Jan. 18, 1995.

John Laird, Liberty, for appellant.

Michael Little, Dist. Atty., Joe Warren, Asst. Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from the conviction for the felony offenses of aggravated assault of a peace office and aggravated assault of a jailer. The appellant was charged by indictment in each of the above trial court cause numbers as proscribed by sec. 22.02(a)(2) of the Penal Code.[1] Each of these offenses were alleged to have been committed on or about January 15, 1993, in Liberty County. The appellant pleaded not guilty. Both cases were consolidated and were tried before a jury. The jury entered a verdict of guilty for each of the above offenses. The jury assessed punishment at two years confinement in the Institutional Division of the Texas Department of Criminal Justice. These con-

victions were to run concurrently. From this verdict and judgment and sentence of the court below the appellant now appeals.

The appellant has brought forth as a challenge for review based on the issue that the trial court erred in overruling the appellant's objection to the racial composition of the jury. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). These are the pertinent facts.

The appellant has alleged that after voir dire, the State struck four venirepersons who were of African–American descent. The black venirepersons struck were Preas Ryans, Jr., Eddie Simien, Alvin Brown, and Bobby Burks. Also, Johnny Ozone, a black venireman was struck by the State and the appellant. The State gave an explanation for each of its strikes which were never objected to by the appellant. Venireperson Ryans was struck by the State based on the fact that he did not admit to having committed a crime. The State asked the question three times to the panel which the venireperson Ryans did not respond to. Thus, he was struck.

Venireperson Simien was struck by the State because he was related to a known criminal, Joseph Simien, and dozed off during the voir dire presentation. He was struck.

Venireperson Bobby Burks was also struck by the State based on the fact that he did not admit that he had been accused of a crime and also that he had served on a hung jury. He was struck.

When questioning venireperson Wright, the following dialogue ensued:

MR. WARREN: Did you all reach a verdict?

MR. WRIGHT: No. He escaped.

MR. WARREN: Anything about that experience for you? Anybody else on the third row? Fourth row? Ms. Manning.

It was during this questioning of venireperson Wright that the State's attorney heard venireperson Brown make the remark: "He escaped. That is all right." Based on this

---

1. TEX PENAL CODE ANN. § 22.02 (Vernon 1989).

comment, the State's attorney struck venireperson Brown. The trial court found this to be a sufficiently neutral reason to strike.

In the case below, we find no record of any findings of fact or conclusions of law by the trial court. Also, we find no motion in the record that was made by either party for any findings of fact or conclusions of law to be made.

■ The clear error standard of review is to be applied by appellate courts in reviewing *Batson* challenges. *Vargas v. State*, 838 S.W.2d 552 (Tex.Crim.App.1992). In applying this test, the Court of Criminal Appeals stated "to determine whether the fact-finder's decision is clearly erroneous, appellate courts look to the record to see if they are left with the definite and firm conviction that a mistake has been committed. In doing so, the evidence must be considered in the light most favorable to the trial court ruling." *Hill v. State*, 827 S.W.2d 860 (Tex.Crim.App.) *cert. denied*, — U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992).

■ The appellant does not challenge the reasons for the striking of venirepersons Ryans, Simien, or Burks. The appellant challenges only the basis for the striking of venireperson Brown. The burden rests upon the challenger to make a prima facie case for racial discrimination. *See, Batson.* The burden is not upon the prosecutor. The trial court conducted a *Batson* hearing at which time the defense had the opportunity to call venireperson Brown to the stand and question him about the so-called remarks concerning "escape". Since the defense did not avail himself of this opportunity, it was left up to the trial court to determine whether or not the statement was non-discriminatory. The trial court held such statement to be non-discriminatory.

In *Camacho v. State*, 864 S.W.2d 524 (Tex.Crim.App.1993), the Court held that when the appellant, having heard the apparently racially neutral explanation of the prosecutor, made no additional comment or presented any evidence to impeach or rebut such explanation, then an appellate court must follow the decision of the trial court that the record was supported by evidence and there was

nothing to show that the trial court acted in a clearly erroneous manner. We find nothing in the record to indicate that the trial court acted in an erroneous manner; therefore, we overrule the sole point of error of the appellant and we affirm the trial court judgment.

AFFIRMED.